## Daniel H. Cole *vs.* Henry Stewart.

Trespass lies by a mortgagee not in possession against one who under authority from the mortgagor removes a building erected on the land by the mortgagor after the execution of the mortgage.

This is an action of trespass.   The parties stated a case. John R. Cole mortgaged to the plaintiff the premises described in the writ, the mortgagor remaining in possession of the premises.   Subsequent to the execution of the mortgage, the mortgagor erected on said premises a small frame building.   This building was twice occupied by different tenants as a dwelling-house, by consent of the mortgagor, the first term of such occupation being about five weeks, and after an interval, the second term of about three months. One of the occupants dug a cellar and built a wall thereto by consent of the mortgagor, to store the potatoes of such occupant.   Both terms of occupation were in warm weather. Subsequent to the digging of the cellar and building of the wall, the mortgagor sold said building to the defendant, who

entered upon the premises, and removed the building before the plaintiff had obtained possession of the same. The above named was a small framed building, about fourteen feet by twelve feet, and rough built. Before he commenced the erection of the building, John R. Cole intended to have built it on a lot adjoining the mortgaged premises, but by the advice of the carpenter that he could build a light small framed building, and he could remove it and put it on better ground, he built it on the mortgaged premises. The building was at first covered with slabs on the roof, afterwards, and during the same season, the building was covered with rough boards and shingled for a tenant to occupy. The building was sixty or eighty rods from the road and dwellings, and near a wood-lot. The damages, if any, for entering and removing the building, by agreement of the parties, are to be assessed at the sum of thirty-five dollars.

On the foregoing statement of facts, the court of common pleas rendered judgment for the plaintiff, and the defendant appealed.

The case was argued and determined at the September term, 1852.

*E. Merwin,* for the plaintiff.

*T. A. Gold,* for the defendant.

BY THE COURT. The building placed upon the land conveyed to the plaintiff in mortgage clearly passed to him. Fixtures erected on mortgaged premises by the mortgagor, are annexed to the freehold and cannot be removed by the mortgagor, or otherwise disposed of by him, the debt secured by the mortgage remaining unpaid. *Butler* v. *Page,* 7 Met. 40; *Winslow* v. *Merchants' Insurance Co.* 4 Met. 306. Upon the facts stated, the action is well maintained for the plaintiff.

*Judgment for the plaintiff.*