OMAHA BRIDGE & TERMINAL RAILWAY COMPANY V. ABRAHAM L. REED ET AL.[*]

FILED JULY 3, 1903. No. 12,337.

1. Eminent Domain: MORTGAGEE: APPEAL. A mortgagee is an owner within the meaning of the statute providing for the taking of land under the power of eminent domain; and as such owner he has the right to prosecute an independent appeal from the freeholders' award.

2. ——: AWARD: LIENHOLDERS. In proceedings for the condemnation of land under the power of eminent domain, the money awarded by the freeholders, or by the district court on appeal, stands in place of the land and belongs to lienholders to the extent of the value of their liens.

3. ——: APPEAL BY MORTGAGEE. On appeal by a mortgagee from an award made by freeholders in a condemnation proceeding, the question to be tried and determined is, the value of appellant's lien on the property appropriated.

4. Appeal: EFFECT. An appeal by a mortgagee in a condemnation proceeding is not effective as to the landowner against whom no summons has been issued.

5. ——: NEW PARTIES. If the landowner is not brought into the district court by the mortgagee's appeal, the corporation, at whose instance the condemnation proceeding was initiated, may bring him in, if it is necessary to do so for the protection of its rights.

6. Conclusiveness of Award. A landowner who fails to appeal from the freeholders' award in a condemnation proceeding, is conclusively bound by it.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, DISTRICT JUDGE. *Rehearing denied.*

[*] See opinion, *Omaha B. & T. R. Co. v. Reed,* 3 Neb. (Unof.) 793.

*John C. Wharton* and *William Baird,* for plaintiff in error.

*Richard S. Hall* and *James H. McCulloch, contra.*

SULLIVAN, C. J.

After carefully examining the questions involved in this litigation, we conclude that the judgment of affirmance should be adhered to. We find it necessary, however, to modify in one particular the commissioner's opinion. It being settled that a mortgagee is an owner, within the meaning of the statute providing for the taking of land under the power of eminent domain, it seems to follow that his right to an independent appeal for the protection of his interests can not be denied. His security having been taken for public purposes, he is, of course, entitled to have the money paid as compensation, applied upon his claim. The condemnation money stands in place of the land and belongs to the mortgagee to the extent of the value of his lien. *Union Mutual Life Ins. Co. v. Slee,* 123 Ill. 57; *Chicago, B. & Q. R. Co. v. Chamberlain,* 84 Ill. 333; *Calumet River R. Co. v. Brown,* 136 Ill. 322; *Michigan Air Line R. Co. v. Barnes,* 40 Mich. 383; 1 Jones, Mortgages (6th ed.), sec. 78; 7 Ency. Pl. & Pr. 637.

Upon the trial of this case in the district court, it was, in effect, determined that the mortgagees' interest in the land equaled or exceeded the damages assessed by the jury. In other words, the mortgagees, claiming to be owners within the meaning of the statute, presented their claim to the district court for adjudication. They asserted and proved that they were owners, and that the value of their ownership was, at least, equal to the amount named in the verdict. The Omaha Bridge & Terminal Company had been duly summoned; it was in court and had ample opportunity to controvert and disprove the mortgagees' claim. It knew the issue presented for trial was the value of the mortgage lien, and if it was of opinion

that the presence of the owner of the fee was necessary for the protection of its rights, it was its privilege to have him brought in. It failed to have him brought in; in effect, it consented to have the issue tried and determined without him, and it must now abide by the result. *Chicago, K. & N. R. Co. v. Ellis,* 52 Kan. 41; *Washburn v. Milwaukee & L. W. R. Co.,* 59 Wis. 379.

In condemnation proceedings, notice of appeal must be given when the statute so provides. *Maxwell v. La Brune,* 68 Ia. 689; *Butte County v. Boydstun,* 68 Cal. 189; *Morris v. Jones,* 36 N. J. Law. 206. In this case, the statute with respect to notice was not complied with; no notice of appeal was given to the landowner, and no effort made by either the mortgagees or the company to make him a party to the action in the district court. This being so we must confess that we were wrong in holding, as we did in the former opinion, that the appeal was effective as to him. It was not effective; and the freeholders' award, so far as he is concerned, is conclusive.

The motion is overruled.

REHEARING DENIED.