THOMAS WARD MCMANUS, EXECUTOR, APPELLANT, v. CAMILLA S. W. BURROWS, APPELLEE.

FILED MAY 6, 1911. No. 16,439.

Eminent Domain: CONDEMNATION MONEY: RIGHTS OF DEVISEE AND EXECUTOR. As between the devisee of real estate in Nebraska and an executor whose sole warrant of authority is his letters testamentary issued by a court of a sister state, there being no contention that unpaid claims exist against the estate or that the executor was in possession of the real estate, the devisee has the better right to condemnation money in the possession of the county judge.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*W. M. Cain,* for appellant.

*A. M. Post, contra.*

Root, J.

Camilla S. McManus, late of the state of Missouri, at the time of her decease testate, owned a quarter section of land in Colfax county. By the terms of Mrs. McManus' will, which has been admitted to probate in the courts of Nebraska and Missouri having jurisdiction of the subject matter, her entire estate is devised; one-sixth part to a granddaughter, one-half to a son, who is the executor of her will, and the residue to a trustee. Subsequent to Mrs. McManus' death a railway company condemned a right of way across the farm in Colfax county, and deposited with the county judge the amount of the award. The executor applied to the county judge for all of the money, but, upon the granddaughter's objections and application, the money was paid to the several devisees according to the terms of the will. The executor prosecuted error proceedings to the district court, and from a judgment affirming the order of the county judge an appeal is prosecuted to this court. Neither litigant questions the jurisdiction of the county judge to make the order, and this subject will not be discussed or decided.

There is nothing in the record to suggest that the estate is not solvent, nor that all of the claims against it have not been paid; there is nothing to advise us that the executor, at the time the land was condemned, or subsequently, had possession thereof; there is no contention that by the terms of the will Mrs. Burrows, the granddaughter and devisee, is not entitled to one-sixth part of the condemnation money, nor is there assertion or proof that the executor has received letters testamentary from any probate court in this state. The condemnation money stands in the place of the land. *Omaha Bridge & Terminal R. Co. v. Reed,* 69 Neb. 514. If the executor had been ap-

pointed by a county judge in this state, had not been directed by that court to take possession of his testatrix' real estate, and there were no unpaid claims against the estate, his right to the possession of the land or to the condemnation money would not be paramount to the rights of the devisees. *Tunnicliff v. Fox*, 68 Neb. 811; *Lewon v. Heath*, 53 Neb. 707. In the circumstances of this case, the devisee, and not the executor, is entitled to the money. *Buckner v. Charleston & S. R. Co.*, 7 S. Car. 325; *Hankins, Adm'r, v. Kimball*, 57 Ind. 42.

The judgment of the district court therefore is

AFFIRMED.