# CHARLESTON.

STATE *ex rel.* D. D. CASTO *et al. v.* THE TOWN OF RIPLEY.

Submitted February 12, 1924. Decided February 19, 1924.

1. MUNICIPAL CORPORATIONS—*Building Ordinance Held Void for Vesting Council with Discretion.*

An ordinance of a town which fails to specify rules and regulations for the erection of buildings and their location, within the corporate limits of such town, and grants to the common council the right to grant or withhold its permission to erect buildings therein, is void. (p. 523).

2. SAME—*Will Not Lie to Compel Council to Grant Building Permit Where There is No Ordinance Prohibiting Construction Without Permit.*

Where there is no valid ordinance prohibiting anyone from erecting a building within the corporate limits of a town before obtaining permission therefor from the common council of said town, mandamus will not lie to compel said common council to grant a building permit for the erection of a building therein. (p. 524).

Error to Circuit Court, Jackson County.

Mandamus by the State on the relation of D. D. Casto and others against the town of Ripley. Judgment quashing alternative writ, and relators bring error.

*Affirmed.*

*J. L. Wolfe* and *C. W. Staats,* for plaintiffs in error.

*T. J. Sayre, Lewis H. Miller* and *W. F. Boggess,* for defendant in error.

McGINNIS, JUDGE:

Upon the petition of the relators, the Circuit Court of Jackson County awarded an alternative writ of Mandamus against the defendant, The Town of Ripley, a municipal corporation, commanding it to grant to the relators, partners organized under the firm name of the Ripley Milling and Feed Company, the building permit asked for in writing by the said parties composing said partnership, on April 3, 1923,

and which was refused by the common council of said town to said parties on the 10th day of April, 1923, or show cause if any the said Town of Ripley can, why it should not do so, which writ was made returnable to said court on the 28th day of April, 1923. The alternative writ contains the petition in full and in which it is stated that the relators had, on the 3rd day of April, 1923, applied in writing to the common council of said town for a permit to erect a flouring mill in said town on a vacant lot owned by one of the relators, Dr. D. D. Casto, from whom said partnership had leased said lot for the purpose of erecting a flouring mill thereon, and the writ also states the dimensions of said proposed building, and otherwise describes the character and location of the same, and further states that on the 10th day of April, 1922, said common council refused to grant said permit and entered an order refusing the same, and this order gives its reasons for refusing said permit.

The ordinance under which said common council was acting at the time it heard and refused the application for said permit is as follows:

"1.   Be it ordained by the common council of Ripley that any person who shall desire to erect any building within the corporate limits of said town, shall first present his application to said common council in writing, stating the kind and character and exact location of said building and said council upon hearing said application shall either reject it or grant a permit in writing to said applicant to construct or erect said building.

"2.   And any person who shall erect or cause to be erected, or attempt to erect or in any manner assist in the erection of said building, without said permit having been first granted and obtained, as aforesaid, shall be guilty of an offense and upon conviction thereof by the mayor of said town shall be fined ten dollars and shall be liable for a like fine for each day he suffers said building to remain or attempts the erection thereof.

"3.   That every workman, laborer or other person who shall knowingly and wilfully in any manner assist or contribute to the erection of such building without said permit as aforesaid having been granted and obtained, shall be guilty of an offense and upon conviction

thereof by the mayor shall be fined not less than one
dollar nor more than five dollars for each and every day
so employed or assisting in the erection of said build-
ing.''

The defendant demurred to the alternative writ, but did
not insist on the same and filed a return thereto, and upon
the hearing the defendant moved to quash the alternative
writ which motion was sustained, the court refused to award
the peremptory writ prayed for and dismissed the proceed-
ings, and the case comes here on a writ of error and superse-
deas. The lower court held that the ordinance in question
was a valid ordinance, and the finding of facts by the town
council in the order refusing the building permit were final,
and binding upon the court, and quashed the alternative
writ on that ground.

The question to be decided here arises upon the validity of
the ordinance referred to. We are of the opinion that said
ordinance is void. It does not specify the rules and condi-
tions to be observed by the council upon an application for a
building permit, nor restrict the kind, character or location
of the building or the use for which it is intended, and the
right to reject a permit applies to any building whether it
be a residence, church, mill, shop or factory. It places in
the hands of the common council the arbitrary authority to
say that the town shall grow and expand or to declare that it
is finished. It gives to the council the right to say to the
owners of property within the corporate limits of the town
that it shall be used for the purposes authorized and directed
by the common council and for no other purpose, so far as
the erection and use of the buildings erected thereon are con-
cerned. Under this ordinance the door stands wide open for
favoritism and discrimination. We do not think that, either
under its charter or under the police power, the town council
was authorized to pass this ordinance.

"Ordinances which invest a city council or board of
trustees or officers with a discretion which is purely
arbitrary, and which may be exercised in the interest
of a favored few, are unreasonable and invalid." Opin-
ion of the court by Judge WILLIAMS, in *Lynch* v. *Town*

*of North View,* 73 W. Va. 612, quoting Smith on the Modern Law of Municipal Corporations, vol. 1, sec. 530. Syllabus 1 and 2 of that case is as follows:

"1.   Municipal ordinances, placing restrictions upon lawful conduct or the lawful use of property, must specify the rules and conditions to be observed in such conduct or business, and must admit of the exercise of the privilege by all citizens alike who comply with the rules and conditions.

"2.   A municipal ordinance making it unlawful to dig in the streets for the purpose of laying gas pipes, "without the consent of the council of the town entered upon the record of said town," is void, for the reason that it vests the council with arbitrary power to discriminate between citizens who may wish to obtain the privilege."

At the time of the issuance of this writ, there was no valid ordinance requiring a building permit in said town, no valid authority vested in the common council of said town to grant a permit to the relators to build the mill described in the writ:

"Clear legal right of the relator in mandamus to have performance of the act he seeks to coerce the performance of, and plain duty to perform it, on the part of the respondent, are essential to award the writ." *State* v. *County Court,* 78 W. Va. 168; 18 R. C. L. 293; *Henry* v. *Campbell,* 133 Ga. 882.

There being no valid ordinance prohibiting the erection of the mill in question before obtaining a permit, the relator had no right by mandamus to compel the granting of such permit, and the learned judge of the lower court did not err in sustaining the motion to quash the writ, and while we do not agree with his reasons for so doing, we affirm his decision and dismiss the case.

*Affirmed.*