By the Court.
 

 Many of the questions decided in the case of
 
 City of Toledo
 
 v.
 
 Brown,
 
 130 Ohio St., 513, 200 N. E., 750, apply here. In the
 
 Brown case,
 
 we held that an owner of lots abutting on a street has a prop
 
 *491
 
 erty right which passes to the owner of a mortgage on the premises, is included within the mortgage security and cannot he taken by public authorities without compensation. We also held that a mortgage, from the date of its filing, was constructive notice to everyone who dealt with the mortgaged premises.
 

 Under the facts found by the trial court, the property rights of the Gronefelds were seriously lessened in value, and the mortgage security was seriously impaired. The mortgage record was notice to everyone, and at the time when the mortgagee filed its intervening petition in the Common Pleas Court, its mortgage was in default for the payment of both interest and principal. The fund was in the hands of the court; and had the Gronefelds asked for its payment to them, the trial court, in its broad equity powers, and especially in view of its finding that the mortgagee’s interest had been seriously impaired, should have applied its payment not to the mortgagors, but to the mortgagee in partial satisfaction of its security. The lien of the mortgagee’s security will be treated as having been transferred to the fund in the hands of the court.
 

 While the following decided cases are somewhat different in their aspect from this, the equitable principle herein announced has been adhered to in the following cases:
 
 Sherwood, Admr.,
 
 v.
 
 City of Lafayette,
 
 109 Ind., 411, 10 N. E., 89;
 
 Severin
 
 v.
 
 Cole,
 
 38 Iowa, 463;
 
 Moritz
 
 v.
 
 City of St. Paul,
 
 52 Minn., 409, 54 N. W., 370;
 
 Omaha Bridge & Terminal Ry. Co.
 
 v.
 
 Reed,
 
 69 Neb., 514, 96 N. W., 276. In the
 
 City of Lafayette ease, supra,
 
 the chief justice quotes from 1 Jones on Mortgages (1878 Ed.), Section 708, as follows: “When the mortgaged property has been turned into money, or a claim for money in any way, as, for instance, by the taking of the property for public uses, or for the use of a corporation under authority of law, the rights of the mortgagee remain unaltered, and he is entitled to have
 
 *492
 
 the money in place of the land applied to the payment of his claim. Thus if a street be laid out through land subject to a mortgage, although the damages be assessed to the mortgagor, the mortgagee is entitled to them, as an equivalent for the land taken for the street. ’ ’ There will be no danger of double payment of damages by the city, since the city will be protected by the court’s decree in a proceeding where each claimant of the fund is a party.
 

 What has been said applies especially to the rights of the mortgagors and the mortgagees. Had Spiegel been an innocent purchaser for value, it might be possible, as intimated by his counsel, for this court to order foreclosure proceedings in the hope that the mortgage might be satisfied by sale of the premises and that Spiegel might eventually obtain the money from the fund held by the court. But the trial court found that Spiegel was not an innocent purchaser; but, with “full notice of the pending litigation, and with the idea of making a substantial profit at the expense of one of the litigants, bought a chose in action, * * * this circumstance clearly indicating that he knew; that others were asserting claims to the money when he purchased G-ronefelds’ rights.”
 

 In view of this finding, Spiegel does not come to the court with clean hands. The trial court’s judgment awarding the fund to the mortgagee was proper. The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.