PAINT CREEK TRANSIT COMPANY *v.* THE CITY OF MONT-GOMERY *et al.*

(No. 9584)

Submitted February 22, 1944. Decided March 21, 1944.

*Rummel, Blagg & Stone* and *Morris S. Funt,* for peti-tioner.

*Thompson & Vickers,* for respondent.

KENNA, JUDGE:

The relator, Paint Creek Transit Company, in this mandamus proceeding seeks to obtain a peremptory writ against the City of Montgomery, a municipal corporation, its Mayor, Recorder and Council, requiring the issuance of a building permit to it authorizing the installation of an underground gasoline storage tank of a capacity of one thousand gallons in a lot owned by the relator at 415 Fifth Avenue in the City of Montgomery, the city authorities having declined to issue this permit upon relator's application. The contention presented by the petition is to the effect that under the decision of this Court in the case of *State ex rel. Nunley* v. *Mayor etc., et al.*, 94 W. Va. 189, 117 S. E. 882, the city council is lacking of authority, in the absence of a regulatory ordinance, to regulate and restrict the location and building of garages or other structures within the corporate limits, and that since there is no ordinance of the City of Montgomery governing the construction of similar buildings or storage tanks, the refusal of the council to act favorably upon relator's application constituted an arbitrary assumption of a power that it could not legally exercise.

The respondents filed an answer in which it was admitted that the city had no ordinance that directly regulated a matter such as is involved in the application of relator, but asserted that the general authority vested in the city council by the charter of the City of Montgomery to provide for the public safety and health, and to maintain public streets, avenues and alleys free from obstructions on or over them, and its duty to prevent injury give the council the full power and impose upon it the duty of declining relator's application.

Respondent further contends that, in its answer, it alleged new matter of fact which constitutes a complete defense to the allegations of the petition, and that because of the fact that the relators filed no replication either avoiding or denying the additional allegations of the

answer, the petition should be dismissed as having been fully met.

We are fully conscious of the fact that in the *Nunley* case this Court held, in effect, in line with all of the authorities, that the legislative power of a municipality is usually vested in its city council, and that, if that be so, under the terms of its charter its executive officers have no right nor authority to regulate the construction of garages or other buildings nor to restrict their location. But here we are confronted by a condition that, in our opinion, does not bring that principle into play. The relator's application for a permit is contained in a letter addressed to the City of Montgomery and delivered to the Recorder, the substance of which, although it was later otherwise amended, describes the storage tank that would be installed and also contains the following sentence: "This tank is to be set back from the sidewalk on the lot and the hose is to extend on a ground level over the sidewalk at the time of fueling the busses."

We are of the opinion that the quoted language contained in the application clearly distinguishes the rule laid down in the *Nunley* case from the principle that controls the decision of this matter. Plainly, granting the permit would have carried with the permission granted the right of use by the applicant, relator now, of a sidewalk intended for a safe travel way to be used by pedestrians and permission to occasionally obstruct that part of the public street. We are of the opinion that it lay within the general powers of the city council of the City of Montgomery to decline the issuance of a permit that contained that provision.

We have not thought it necessary to discuss the apparent inconsistency in the position assumed by the relator in making application for permission from the town council to install an underground storage tank, and upon its refusal taking the position that since there was no valid ordinance regulating such installations, the permission applied for was wrongfully refused. In the

absence of a regulatory ordinance or of charter provisions that are applicable, there would of course be no need for a permit and no right to a writ of mandamus covering its issuance. See *State ex rel. Casto* v. *The Town of Ripley,* 95 W. Va. 521, 121 S. E. 725.

For the foregoing reasons the issuance of a peremptory writ of mandamus will be refused.

*Writ refused.*