McGuire, Appellee, *v.* Corn, Appellant.

(No. 4618—Decided March 3, 1952.)

*Mr. Isadore Kohler* and *Mr. Joseph G. Gluck,* for appellee.

*Messrs. Shumaker, Loop & Kendrick* and *Mr. Robert B. Gosline,* for appellant.

Conn, J. The defendant having passed away during the pendency of this action, on motion, the action was revived in the name of the executor. The parties herein will be designated plaintiff and defendant, as they were when the action was instituted.

In the trial court, judgment was entered for plaintiff on the verdict of the jury. Defendant appeals to this court on questions of law.

Plaintiff was a tenant of defendant at the time of the occurrences set forth in the petition. Plaintiff

alleges that on April 14, 1948, and for some time prior thereto, she and her husband resided in an apartment owned by defendant; that on such date defendant and his employees attempted to invade the plaintiff's apartment by force and remove certain furniture therefrom, against the wishes of plaintiff; that plaintiff refused to admit defendant; that defendant then and there, with great force and violence, pushed against the door of the apartment "causing the same to swing inwardly and against said plaintiff's abdomen and wedging said plaintiff between the said door and the wall of said apartment and thereby causing said plaintiff to sustain an umbilical hernia and a left inguinal hernia": and that plaintiff was obliged to incur hospital and medical expense, loss of earnings, pain and suffering, for which she prays judgment.

Defendant in his answer admitted that plaintiff and her husband were tenants of defendant and denied by special and general denials the remaining allegations in the petition.

At the conclusion of plaintiff's case, defendant moved for a directed verdict on the ground that plaintiff had failed to prove the cause of action alleged in her petition. Before the court ruled on this motion, defendant moved for an order requiring plaintiff to elect whether to proceed as upon assault and battery or negligence, to which plaintiff objected. Thereupon, over the objection of defendant, plaintiff obtained leave to amend the second paragraph of her petition to conform with the proof. Defendant's motion requiring plaintiff to elect was then granted and plaintiff elected to base her cause of action on negligence. The motion of defendant for a directed verdict was renewed and overruled.

Defendant assigns the following errors:

1. Error in overruling defendant's motion for a directed verdict which was renewed at the close of all

the evidence, and also renewed "after plaintiff was permitted to change the nature of her action" and at the conclusion of all the evidence.

2. Error in overruling defendant's motion for a new trial for the reason that the court erred in admitting certain evidence offered by plaintiff and in excluding evidence offered by defendant.

We will consider first the overruling of defendant's motion for a directed verdict. The record discloses that during the argument on the motion of defendant the question was raised whether on plaintiff's evidence she should be required to elect as between an action based on assault and battery and one predicated on negligence. As heretofore pointed out, the court, over the objection of plaintiff, granted the motion to elect and thereupon plaintiff asked leave to amend her petition, which was granted, following which plaintiff elected to proceed on the ground of negligence. It is conceded that the amendment did not effect any material change in the facts and circumstances relating to plaintiff's alleged injury as originally set forth in her petition.

Defendant contends that his motion for a directed verdict should have been granted "because of plaintiff's failure to prove a cause of action for assault and battery" and, further, "because there is no proximate causal relation between the claimed negligence of the defendant's decedent" and the alleged injury and damage.

Plaintiff's evidence disclosed that the defendant came to the top of the stairs and knocked on the entrance door to plaintiff's apartment, which operated inwardly; that plaintiff at the time was in the kitchen in the back part of the apartment; that the brother of plaintiff at the time was in the living room; and that plaintiff's brother reached the door first and started

to open it before his sister had time to do so. Thereupon, defendant "shoved and kicked the door" open with force, the edge of the door and door knob striking plaintiff in the stomach and knocking her back against the bedroom door jamb, where she fell or started to fall to the floor.

It appears also from plaintiff's evidence that on the morning of the day the alleged wrongful acts of defendant took place, defendant informed plaintiff's brother that he objected to his being in the apartment; that he had rented the apartment to two people and "that's all I want up there." It appears also that defendant insisted on taking a couch out of the apartment and bringing in a chair, which had been brought to the top of the stairs at the time defendant knocked on the door.

Defendant contends that assault and battery on the one hand and negligence on the other are distinct and separate causes of action and that one may not plead one cause of action and recover on another, and, further, that at the time plaintiff elected to ground her action on negligence, the statutory limitation of two years had run. (Section 11224-1, General Code.)

Plaintiff having been required to elect on the granting of defendant's motion, and she having elected to base her right of recovery on negligence, it no longer was material whether plaintiff's evidence failed to establish her case as one for assault and battery, as this form of action was no longer in the case.

Before plaintiff can recover on the ground of negligence, she must produce credible and substantial evidence, including reasonable inferences arising therefrom, that defendant owed her a duty not to invade her security by the commission of a legal wrong which sustained a proximate, causal relationship to the injury of which she complains.

The legal wrong may be characterized by acts of nonfeasance, misfeasance or malfeasance—the last being an act which defendant had no legal right to do and which is always a wrongful act.

To avoid confusion, it is pertinent to note the distinction between form or right of action and cause of action. These terms are not interchangeable. Under the former, the petition of plaintiff must disclose "a primary legal right in the plaintiff, a primary legal duty connected with such right resting on the defendant, and a breach of such duty by the defendant." On the other hand, a cause of action "embraces the facts which it is necessary to establish in order to sustain a claim for judicial relief." *Tinker* v. *Sauer,* 105 Ohio St., 135, 136 N. E., 854; *State, ex rel. Hawley,* v. *Industrial Commission,* 137 Ohio St., 332, 335, 30 N. E. (2d), 332; 41 American Jurisprudence, 345, Section 78; 1 Ohio Jurisprudence, 272, Section 2.

In view of this distinction, modern practice under the Code permits the right of action to be changed by timely amendment, provided the action proceeds on the same state of facts or on the same transaction. In other words, it is permissible to change the form of an action *ex delicto* to another form of action *ex delicto,* provided the cause of action is not changed. By way of illustration, it is permissible to change an action in malicious prosecution to one in false imprisonment, as was held in *Spice & Son* v. *Steinruck,* 14 Ohio St., 213. See, also, *City of Toledo* v. *Brown,* 130 Ohio St., 513, 200 N. E., 750.

It follows that defendant's claim that the amendment to plaintiff's petition and her election to proceed on the ground of negligence changed her cause of action is not well taken.

It is urged further by defendant that if the amended petition "stated a claim for negligence" it introduced

a new ground for plaintiff's claim after the two-year statutory limitation had expired and plaintiff could not maintain her action. The rule is quite generally recognized that an amendment changing the form of action only and not setting up a new cause of action may be made after the period of limitation has expired, as in such case the amendment relates back to the time of the commencement of the action. *Seaboard Air Line Ry.* v. *Renn,* 241 U. S., 290, 60 L. Ed., 1006, 36 S. Ct., 567; *Douglas, Admx.,* v. *Daniels Bros. Coal Co.,* 135 Ohio St., 641, 647, 22 N. E. (2d), 195, 123 A. L. R., 761; 25 Ohio Jurisprudence, 588, Section 241; 54 Corpus Juris Secundum, 327, Section 280; 34 American Jurisprudence, 218, Section 266.

It is contended further that defendant did not know or have any notice that plaintiff was behind the door which she claimed struck her, and, being ignorant of her presence there, he owed her no duty. If no duty were owing in legal contemplation, there could be no actionable negligence. The fallacy of this contention arises by reason of the assumption that no duty was owing by defendant under the facts and circumstances which plaintiff's evidence tended to show.

In the instant case, no claim was made that defendant had reserved a right of entry into plaintiff's apartment. His acts of attempted intrusion without invitation, as plaintiff's evidence tended to show, constituted a trespass and were wrongful. 39 Ohio Jurisprudence, 482, Section 35.

Competent evidence relating to plaintiff's injury under the petition as amended, and her subsequent election, would be the same, broadly speaking. as it would have been under some other theory of liability.

Defendant's conduct being wrongful, it is immaterial whether it was intentional or merely malfeasant, as he was chargeable at the time with the reasonable and

probable consequences of his acts. In other words, defendant could anticipate that his knock on the door would summon plaintiff to answer, and, as the door opened inward, he could foresee the probability of injury to her in event the door were forcibly opened.

There being credible and substantial evidence of injury resulting proximately from the wrongful act of defendant, a jury question was presented in the trial court and the motions of defendant were properly overruled.

Defendant assigns as error the refusal of the court to receive in evidence exhibit 4-d, which had been placed in the medical file of plaintiff's physicians, Dr. Heath (who had passed away prior to the trial) and Dr. Harrison, who succeeded him. This office file was produced in court by plaintiff, identified as exhibit 4 and received in evidence. However, exhibit 4-d was not included and was not offered by plaintiff.

The secretaries of the physicians were called as witnesses and this office file was identified by these witnesses. Exhibit 4-d was also identified by one of these witnesses, who testified that this exhibit was apparently prepared by the hospital. Dr. Harrison, on cross-examination, testified that it was prepared at the hospital. However, this exhibit was not identified by any witness from the hospital and no evidence was offered that it was prepared in the hospital's regular course of business. An inspection of the exhibit shows it contained matter that did not relate to the medical or surgical treatment of plaintiff while in the hospital. It appears that the exclusion of exhibit 4-d was proper and pursuant to the provisions of Section 12102-23, General Code.

Certain evidence offered by plaintiff was received prior to plaintiff's election, which tended to show a wrongful intention on the part of defendant relative

to plaintiff's occupancy of the apartment. When the form of action was changed to negligence, upon the granting of defendant's motion requiring plaintiff to elect and before the case was submitted to the jury, the court withdrew this evidence and instructed the jury to disregard it. Defendant contends the admission of the evidence was prejudicial. It is not clear on what basis defendant can complain when the form of action was changed to negligence as a result of defendant's own motion. Having insisted upon the election, which could be premised only on the theory that the cause of action embraced assault and battery and also negligence, defendant is in no position to complain that the case was submitted to the jury as upon negligence after compelling plaintiff to elect. We conclude the assignment of error is not well taken.

As we find no error prejudicial in the record, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FESS and SAVORD, JJ., concur.