Matthias, J.
The demurrer of the defendants, admitting as it does all well pleaded facts in the plaintiff’s petition, presents a single question of law. That question is whether ordinance No. 1941-50 is unconstitutional and void in that it illegally delegates power and authority to an individual to deprive an owner of the proper and legal use of his property.
The plaintiff as the owner of property abutting on a street has certain rights therein different from those of the general public. Such rights are discussed in the case of Crawford v. Village of Delaware, 7 Ohio St., 459. The nature and extent of those rights are clearly stated in the opinion of Swan, J., as follows:
‘ ‘ Distinct from the right of the public to use a street, is the right and interest of the owners of lots adjacent. The latter have a peculiar interest in the street, which neither the local nor the general public can pretend to claim; a private right of the nature of an incorporeal hereditament, legally attached to their contiguous grounds, and the erections thereon; an incidential title to certain facilities and franchises, assured to them by contracts and by law, and without which their property would be comparatively of little value. This easement, appendant to the lots, unlike any right of one lot-owner in the lot of another, is as much property as the lot itself. ’ ’
This principle has been followed and applied in the following cases: Cincinnati & Spring Grove Avenue Street Ry. Co. v. Village of Cumminsville, 14 Ohio St., 523; Callen v. Columbus Edison Electric Light Co., 66 Ohio St., 166, 64 N. E., 141, 58 L. R. A., 782; and City of Toledo v. Brown, 130 Ohio St., 513, 200 N. E., 750.
Of primary importance, therefore, to the owner of *569 abutting property is tbe right of access to the street. ‘In most jurisdictions this right of access is held to be a proprietary right, an easement in the street attached to the estate in or ownership of property abutting on the street or alley, which cannot be appropriated to the use of the public without compensation. Such owner has rights or easements in the street adjacent to his property peculiar to himself and not enjoyed by others, particularly the right of ingress and egress.
An abutting owner, subject to municipal regulation, has the right to construct a driveway from his property for a necessary outlet into the traveled portion of the highway provided he does not unreasonably interfere with the public use of the street and provided further the construction is not forbidden by statute or ordinance. And even though a permit is required by statute to construct a driveway into a boulevard this does not mean that there can be an absolute denial to an abutting owner of a right to construct such driveway. 10 McQuillin on Municipal Corporations (3 Ed.), 651 and 675, Sections 30.54 and 30.64; 28 Ohio Jurisprudence, 616 and 619, Sections 391 and 392.
The plaintiff, therefore, being the owner of property abutting on the street in question, has a right of access thereto including a right, if necessary, to cut the curb and construct a driveway to provide ingress and egress, subject to the reasonable and lawful regulations which may be presented by ordinance of the council.
It is to be noted that this ordinance is negative in character in that it denies to the administrative officer the unqualified power to grant an application of one having other than residential property to construct a driveway into the street. The granting of the permit by the director of public service is conditioned on the approval by the member of the city council elected *570 from the ward wherein the property is situated. Clearly the action of such councilman in no manner represents a legislative act by council. In such matter he is acting as an individual and as an individual he is not vested with any governmental authority of either a legislative or an administrative character.
It is well established by prior decisions of this court that such a delegation of power to any subordinate is unlawful unless as a part of such power standards are established by which such power is to be exercised. An uncontrolled discretion has invariably been held to be a delegation of legislative power. The following cases are illustrative:
In the case of Harmon v. State, 66 Ohio St., 249, 64 N. E., 117, this court had under consideration a statute involving the licensing of steam engineers and which contained the following provision:
“Any person who desires to act as steam engineer, shall make application to any district examiner of steam engineers for a license so to act, upon a blank furnished by the engineer, and if, upon examination, the applicant is found trustworthy and competent, a license shall be granted him, to have charge of, or to operate any steam plant.”
In discussing this provision the court made the following statement:
“By this section the examiner is made the exclusive judge as to whether an applicant is trustworthy and competent. No standard is furnished by the General Assembly as to qualification, and no specifications as to wherein the applicant shall be trustworthy and competent, but all is left to the opinion, finding and caprice of the examiner. He is the' autocrat with unlimited discretion, without rules prescribing the qualifications of applicants for license, only so that he finds them trustworthy and competent. There being six districts and six examiners, each may have his own *571 notions as to what shall constitute an applicant trustworthy and competent, and so there may be in the first instance as many different standards in the state as there are examiners, whereas the standard should be uniform throughout the state.”
The case of City of Cincinnati v. Cook, 107 Ohio St., 223, 140 N. E., 655, involved the same principle. In that case a city ordinance made it “unlawful for any driver or operator of any vehicle to permit his or her vehicle to stand on the south side of Pearl street in front of the passenger station of The Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company * * * unless the permission to stand has been granted by the person having the supervision over said passenger station.”
This court held that such ordinance was invalid because of its attempted delegation of legislative power and for the reason that it was violative of the equal-protection-of-the-law guaranties of the state and federal Constitutions.
To the same effect see City of Cleveland v. Piskura, 145 Ohio St., 144, 60 N. E. (2d), 919; and Weber v. Board of Health, 148 Ohio St., 389, 74 N. E. (2d), 331, paragraph four of the syllabus of which is as follows:
“A resolution of the Board of Health of the Butler County Health District, which makes it unlawful to transport, deliver or deposit collected garbage for the purpose of feeding the same in whole or in part to swine or other animals into or within the territory under the jurisdiction of such board, but authorizes the health commissioner, without any standards for his guidance, to approve a system of collection and disposal of garbage and provides that after such approval the continuance of such system of collection and disposal shall not constitute a violation of the provisions of the prohibitory regulations, is an at *572 tempted delegation of legislative power and is violative of the equal-protection guaranties of the state and federal Constitutions.”
It is argued, however, that, even if the delegation of this authority to a single member of council is unlawful, under ordinance application may be made to the council which may take action under Section 3714, General Code, which vests in it the control of the streets.
It is to be noted, however, that in the ordinance in question no standard is established upon which the council, itself, may base its determination as to whether a particular permit shall be granted.
The following statement is pertinent:
“ Administrative power and discretion may be and usually are vested in designated departments, boards or officials or in the municipal legislative body itself to grant, deny or revoke building permits. However, the authority vested in them cannot be a power of arbitrary decision in each case, uncontrolled by any general rule. In other words, the discretion must be made subject to a standard or rule to operate uniformly in all cases. An ordinance conferring upon officials unrestricted discretion in the granting or refusal of building permits is a denial both of equal protection and due process of law. Certainly, an ordinance conferring arbitrary and despotic power in this respect is void. Indeed, an ordinance cannot commit to the municipal legislative body itself, any more than to administrative officials, uncontrolled discretion as to permits for the erection of buildings and structures. Nor does charter power to regulate the granting of permits authorize the delegation to an officer or committee of power to make restrictions and regulations.” 9 McQuillin on Municipal Corporations (3 Ed.), 484, Section 26.203.
*573 In support of the principle thus stated the following cases from other jurisdictions are in point: Continental Oil Co. v. City of Twin Falls, 49 Idaho, 89, 286 P., 353; Bowman v. Board of Councilmen of City of Elizabethtown, 303 Ky., 1, 196 S. W. (2d), 730; City of Monticello v. Bates, 169 Ky., 258, 183 S. W., 555; State v. Tenant, 110 N. C., 609, 15 L. R. A., 423, 28 Am. St. Rep., 715, 14 S. E., 387; and State, ex rel. Casto, v. Town of Ripley, 95 W. Va., 521, 121 S. E., 725.
It is urged that if the council refused to grant the permit the plaintiff could then seek relief by mandamus, but the court could not control the exercise of discretion. The plaintiff has an incorporeal hereditament consisting of a right of access which can be regulated only by the lawful exercise of the police power of the city. Such regulation must be provided by ordinance in which reasonable standards consistent with the needs of the public are established. The ordinance under consideration contains no standard of any kind, but attempts a delegation of legislative power, and in this respect is violative of the equal protection of the law guaranteed by the state and federal Constitutions.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hart, JJ., concur.