The PIONEER SAVINGS AND LOAN CO., Plaintiff-Appellant,

v.

CITY OF CLEVELAND, Defendant-Appellee.

No. 72-1553.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1972.

Decided June 1, 1973.

Albert J. Morhard, Bremer, Thompson, Morhard & Coyne, Cleveland, Ohio, for plaintiff-appellant.

John H. Kless, Asst. Director of Law, Cleveland, Ohio, for defendant-appellee; Richard R. Hollington, Jr., Director of Law, Cleveland, Ohio, on brief.

Before EDWARDS and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

On February 4, 1964, appellant, The Pioneer Savings & Loan Co., an Ohio corporation, made a first mortgage loan to Maxine and Lester Zavelson for $27,000, covering a 4-story brick apartment building and the land upon which it was situated. This mortgage was recorded on February 11, 1964.

Sometime between September 8, 1965, and September 23, 1965, the City of Cleveland completely destroyed the building on the claim that it was a public nuisance. The City had previously given notice to the owner-mortgagors of alleged violation of housing ordinances, requiring remedying of bearing partitions,

replacement of certain window panes and closet doors, painting of exterior trim, and repairs of exterior stair railings. It also alleged that the supply of heat in the building was insufficient, and that there was no water supply. By notice,[1] the City directed the owners to obtain a building permit prior to remedying the above defects and inadequacies. Thereafter, the Chief of the Fire Department gave notice to the mortgagors that their failure to comply with the order of the City to make repairs would result in causing the structure to be demolished by the Fire Department, and "all materials removed" at the expense of the mortgagors.

However, no notice whatever was given to The Pioneer Savings and Loan Co., the mortgagee, which, a year and a half before, had loaned $27,000 on a first mortgage, and whose recorded mortgage was notice to the City of Cleveland of their interest in the building.

1.

CITY OF CLEVELAND
DEPARTMENT OF URBAN RENEWAL & HOUSING
DIVISION OF HOUSING

Date April 14, 1965                                     File No. 61–433

NOTICE OF VIOLATION OF HOUSING ORDINANCES

Location: 7726 Lexington Avenue aka 1600 East 78th Street
Responsible Party: Lester S. & M. L. Zavelson
Address: 215 West Longview Road, Mansfield, Ohio
Inspector: Linwood J. Smith
Date of Inspection: April 5, 1965

This notice shall be complied with and all violations corrected by May 14, 1965.
Failure to comply with this notice will result in prosecutive action or other penalty as provided by law. Section 6.1309 provides the right of appeal.

| No. | Section Violated | Nature of Violation |
|---|---|---|
| | | THIS NOTICE SUPERSEDES ALL PREVIOUS NOTICES. |
| | 6.1304 6.0513 | DUE TO THE VIOLATIONS SET OUT BELOW, THIS STRUCTURE IS INJURIOUS TO THE PUBLIC HEALTH AND SAFETY AND CONSTITUTES A PUBLIC NUISANCE. THIS STRUCTURE SHALL BE DEMOLISHED AND ALL DEBRIS REMOVED FROM THE PREMISES OR THE VIOLATIONS SET OUT BELOW SHALL BE CORRECTED. |
| 1. | 6.0513 | The bearing partitions supporting the floors of the dwelling unit located at 7726 Lexington Avenue have failed. The floors have dropped approximately four (4) inches in dwelling units #10, #12, #16, #18, #20, #22, and #24. |
| 2. | 6.0513 | All broken and missing window panes should be replaced. |
| 3. | 6.0513 | The closet doors should be replaced in units #10 and #14. |
| 4. | 6.0513 6.0515 | The exterior trim portion of the structure is in need of paint. |
| 5. | 6.0513 | The exterior stair railings are in need of repair. |
| 6. | 6.0516 | The interior walls contain large cracks or holes. (throughout) |
| 7. | 6.0518 | The exterior property area contains debris and is not maintained in a safe and sanitary manner. (rear yard) |
| 8. | 6.0711 | The supply of heat in this structure is inadequate. |
| 9. | 6.0507 | There is no supply of water in this structure. |

OBTAIN A PERMIT FROM THE DIVISION OF BUILDING, RM. 505, CITY HALL, PRIOR TO DOING ANY OF THE ABOVE WORK.
"THE ABOVE PREMISES MUST BE BROUGHT TO FULL COMPLIANCE WITH ALL OF THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND."

/s/ C. L. Sheboy
*Commissioner*

After the notice to the owner-mortgagors on April 14, 1965, the City completely destroyed the building, as heretofore stated, in September 1965, paying no attention to the rights of the mortgagee, giving it no opportunity to make the repairs in order to save its large investment, and totally ignoring its rights of record, which constituted notice to the City and to all the world of its interests therein.

On October 19, 1965, appellant-mortgagee filed an action for foreclosure against the mortgagors, Lester and Maxine Zavelson. On December 18, 1965, the Receiver appointed by the Common Pleas Court of Cuyahoga County to collect the rentals from the apartment building pending the foreclosure, found the building gone and, on that date, notified the appellant-mortgagee of such fact.

On February 7, 1968, Lester and Maxine Zavelson were adjudged bankrupt by the United States District Court for the Northern District of Ohio, Eastern Division.

On May 13, 1968, the foreclosure proceedings against the mortgagors were concluded, and the Cuyahoga County Court determined the balance owing The Pioneer Savings & Loan Co., including principal and interest, to be $36,987.91. On this day, May 13, 1968, at the conclusion of the foreclosure proceedings, appellant Pioneer Savings & Loan Co. purchased the land which was part of the mortgaged property, at the sale by the Sheriff of Cuyahoga County, for $2,470.79. The Pioneer Savings & Loan Co. has received no funds from any source on the balance due of its note and mortgage.

On November 21, 1969, appellant, The Pioneer Savings & Loan Co. filed the action in the instant case against the City of Cleveland, in the District Court, claiming an unconstitutional confiscation and impairment of its mortgage, by the City, without notice, process, or compensation in violation of the Constitution of the United States.

The case was submitted to the District Court on an Agreed Statement of Facts and, accordingly, there is no dispute between the parties as to any of the facts involved in the case. Both parties made motions for a summary judgment.

The District Court held that if the City desired that the repairs, which precipitated the destruction of the building, be made, the City should notify the mortgagee, as it might be the only party who could afford to make the necessary repairs, or the only party who could make sure that the necessary repairs were made. The Court held that due process of law under the Fourteenth Amendment required that the mortgagee be given notice of the condemnation of a building as a nuisance and that the mortgagee cannot be deprived of his interest in the mortgaged premises, without compliance with due process of law.

There was no notice given by the City to the mortgagee of the condemnation of the mortgaged premises as a nuisance, and of the destruction of such premises by the City. Such destruction was a violation of due process of law under the Fourteenth Amendment.

The District Court, however, held that although the mortgagee had been deprived of its property rights by a violation of due process of law, the mortgagee had not brought suit against the City within the four-year period of the Ohio statute of limitations, and that the commencement of such period of limitations occurred at the time of the destruction of the building.

We are of the opinion that the four-year period of limitations for the bringing of action under Ohio law, does not apply to this case.

The mortgagee had the right to bring foreclosure proceedings against the mortgagors; and the bringing of these proceedings, in this case, was brought within the statutory period. The mortgagors are personally liable to the mortgagee. The rule is that the mortgagor is personally liable if the mortgage contains a covenant to pay the debt secured, or if the mortgage is accompanied by a note. In many cases the mortgagee

might recover part or all of his mortgage security by recovery of a deficiency against the mortgagors. In this case the mortgagee recovered $2,470.79 on the foreclosure sale.

Prior to bringing the suit against the City, the mortgagors had both been adjudged bankrupt; and appellant has received nothing from them as the result of such bankruptcy. The mortgagee had the right to demand and recover from the City the value of the property taken or destroyed without compensation.

■■ The Court held that the property was confiscated and destroyed in violation of appellant's right to due process of law, in violation of the Fourteenth Amendment and with this conclusion, we agree. Appellant's cause of action against the City did not arise until after the suit in foreclosure had been terminated. "If upon the sale of the remainder of the mortgaged property there had been proceeds sufficient to satisfy plaintiff's claim, it would have no right of action. This action may have been prematurely brought, and as a result * * * halted until foreclosure action was completed and the credit of the proceeds of the sale applied to plaintiff's claim. Then, for the first time, the extent of the liability of the defendant was fixed." The Mahoning County National Bank v. City of Youngstown, 143 Ohio St. 523, 538, 56 N.E.2d 218 226. "The equitable cause in foreclosure should proceed to the final determination by a sale of the entire mortgaged property subject to the improvement; and whatever deficiency, if any, may then be required for the satisfaction of the mortgage security can be paid out of the damages secured against the wrongdoing defendants. In the meantime, the law action should be held in abeyance until after foreclosure and sale." City of Toledo v. Brown, 130 Ohio St. 513, 526, 200 N.E. 750, 755.

An action by appellant against the City, if brought before the action and

decree of foreclosure against the mortgagors would have been brought prematurely. The action brought against the City was not barred by the statute of limitations. The City was guilty of violating the appellant's constitutional right of due process of law, under the Fourteenth Amendment, and is liable to appellant in the amount due and owing on its mortgage and note, including principal and accrued interest.

The judgment of the District Court dismissing appellant's complaint on the ground of the statute of limitations is set aside, and the Court is directed to enter a judgment for appellant in accordance with the opinion of this Court.