# Weekly Advance Abstract Opinions
## CURRENT OHIO SUPREME COURT CASES

### No. 28
STATE EX REL v. HUWE, TREAS.
Ohio Supreme Court, No. 16436—June 20, 1922
For full opinion see 105 OS., 000

**CONSTITUTIONAL LAW—Taxation of counties to help pay for their indigent patients at certain state hospitals—(1) Mode of support left to legislature—(2) Sec. 1815 et seq. GC. and State and U. S. Constitutions not in conflict.**

MATTHIAS, J.:
Epitomized Opinion.
In Mandamus.

Sec. 1, Art. VII of the Ohio Constitution, provides that institutions for the benefit of the insane, blind and deaf and dumb shall always be fostered and supported by the state, and be subject to such general regulations as may be adopted by the general assembly. Sections 1815 and 1816 GC. (often called the "pay-patient law") require persons liable for the support of a person committed to one of these institutions, to pay a portion of the cost of maintaining such person therein, and in case of indigency, the several counties are each required to pay for persons committed therefrom to such institutions.

The question in this case is whether there is such a conflict between these two provisions, and other sections of the state and the U. S. Constitutions, that a tax cannot be levied upon the citizens of a county to meet the expense, or part of the expense, of maintaining the inmates of that county, no charge being made against any county for any person from any other county. The Supreme Court held:

1. Sec. 1, Art. VII, Const., is not self executing, and the mode in which such institutions are to be fostered and supported is left to the discretion of the general assembly.

2. The statutes of the state which require a portion of the expense of inmates to be paid by the county from which they are respectively committed, are enacted in the exercise of the discretion so conferred upon the legislature, and are not in conflict with the state or federal constitutions, and are therefore valid and enforceable.

Judge Jones held that an action-at-law rather than mandamus was the proper remedy, but concurred in the finding of the court.

Attorneys—Gen. John G. Price and Ray Martin, for state, and Louis H. Capelle, Asst. Pros., and Charles S. Bell, for Huwe.

### No. 29
HANCOCK CO. (Board of Ed.) v. MOOREMAN
and of
VANLUE (Village) v. OMAN
Ohio Supreme Court, Nos. 17244 and 17248, decided together March 21, 1922.
For full opinion see 105 OS., 237.

**SCHOOLS—(1) Board of Education may either "rebuild," "repair" or both, or "construct" new buildings—Issue of Bonds.**

ROBINSON, J.:
Epitomized Opinion.
Error to Hancock Court of Appeals.

The school houses at McComb and at Haddock, in Hancock County, were destroyed by wind storm, and the state industrial commission had ordered repairs in these and another school building in that county. The county board of education then combined territory and made up a township rural district and gave it the name of the McComb Centralized School District. Its board of education then, under Sec. 7330-1 GC., submitted the question of issuing bonds for a new school house to the electors of the district, and they voted in favor of it. Suits were brought in the Common Pleas to enjoin the sale of the bonds, and dismissed.

In the Vanlue case, the state industrial commission had condemned and ordered the school buildings closed until certain repairs were made. The board decided to build a new school house, under Secs. 7625-7629 GC., and the proposition of issuing bonds was carried by the electors. Suit was filed in the common pleas to enjoin their sale. The cases were then carried to the Court of Appeals, which found, in the Moorhead case, in favor of part of the bonds, and in the Omen case limited the bond issue to $45,000 and vested in the board the discretion of determining whether it would build one new school or repair existing ones.

The Supreme Court held:

1. That, under Sec. 7630-1 GC. the board had the discretion to "rebuild," "repair" or "construct" a new building, and could issue bonds in such an amount as will be required to "rebuild" or "repair," or both, and it is not for the court to interfere in this discretion,

but declared that the abuse of the discretion by the board was not foreclosed by the decision of this court, and that any taxpayer still has the right to test the question, if the cost of new buildings were out of proportion to the needs of the district.

Attorneys—Harlan F. Burket, Pros., and Russell M. Knepper, for above plaintiffs; A. H. Fuller and Blackford & Blackford, for above defendants.

### No. 30
OHIO ELECTRIC RAILWAY CO. v. U. S. EXPRESS CO.
Ohio Supreme Court, No. 17030—decided July 5, 1922.
For full opinion see 105 OS., 000

**PLEADINGS—(1) Upon amendment changing nature of action, service or waiver of summons necessary. (2) Answer adopting averments of former answer, does not adopt prayer. (3) Challenge of jurisdiction not waived by answer over, when. (4) Strictly construed, when.**

JOHNSON, J.:
Epitomized Opinion.
Error to the Hamilton Court of Appeals.

On May 1, 1909, the parties hereto entered into a ten-year contract for handling the express business on the car line of the above plaintiff. After five years of operation, notice was given by the express company that it would surrender the contract on June 14, 1914.

On June 25, 1914, the said plaintiff filed a petition against above defendant, in the Hamilton common pleas, in which judgment was asked for $10,000, claimed to be due. On June 30, the express company discontinued the service, and withdrew from the state.

In the progress of the action, the express company answered, setting up several defenses to the contract, seeking to reduce the liability and denying that it was then in force. On February 4, 1915, the said plaintiff filed what it termed an "Amendment to Petition," by which it sought to enlarge its original demands, by adding a claim for $300,000, damages for breach of the contract.

A motion by the express company, appearing for that purpose only, to strike this amendment from the files was allowed, and the said plaintiff then tendered to the court another amendment, much like the first. The court allowed an application to file the same. Defendant answered, setting up that it appeared only to contest jurisdiction upon the amendment, that it adopted the averments in its former pleading, and that it reserved all its former objections and exceptions, and omitted a prayer.

At the hearing judgment was entered for the railway, for $297,864. Motion for new trial was made and overruled, exceptions taken, and petition in error filed in the court of appeals. The appeal court found error in permitting the filing of the amendment, and for rendering the judgment for more than the $10,000 claimed in the petition. The Supreme Court found:

1. That the "Amendment to Petition" brought in a new and different cause of action, upon which no summons had been served, contrary to statute, and the rendering of judgment thereon without waiver or entry of appearance was reversible error.

2. The adoption of the averments of a pleading is not an adoption of the prayer thereof. Consequently there being no prayer for relief in this answer, it did not give the court jurisdiction over the express company on the new cause of action.

3. The second answer of the express company did not bring it into court as to the new cause of action. A defendant appearing only for the purpose of objecting to jurisdiction, upon the overruling of such objection is not bound to rely at his peril, solely upon it, but may make full defense without waiving such objection.

4. Where jurisdiction of the person is dependent upon the language of a pleading, it will be construed strictly, and its scope will not be extended beyond its clear expression.

Attorneys—Paul C. Martin, Joseph T. Grawdon and Maxwell & Ramsey for Railway Co.; Platt & Field and Harmon, Pilelon, Goldsmith & Hoadley, for Express Co.

