Stewart, J.
The only question with which we are faced is whether the petition in this case is demurrable.
*561 The Court of Common Pleas case is an action instituted in that court by the Prosecuting Attorney of Wood County under favor of Section 309.12, Revised Code (Section 2921, General Code).
The petition in that action alleges that certain county officers of Wood County have illegally paid and will continue to illegally pay county funds to certain state officers, and that such state officers have illegally demanded and accepted and will continue to illegally demand and accept such funds, although they have in their possession a large sum of money belonging to Wood County and have refused to repay such amount or credit it to the account of Wood County.
In that case the relators, as well as the Treasurer of Wood County, the Clerk of the Court of Common Pleas of Wood County, and the Auditor of Wood County, were joined as defendants, and a temporary injunction is asked enjoining relators from collecting or attempting to collect any funds due or claimed to be due the state from Wood County or from withholding any sum now due or to become due Wood County from the state, and enjoining the defendant officers of Wood County from paying to relators any sum of money now due or to become due Wood County from the state. It is asked further that upon final hearing such injunction be extended until the money in the treasury of the state and the credits due Wood County as alleged in the petition be properly applied, and that the relators be required to make an accounting of all funds in the treasury of the state and of all money collected by the state as overpayments in the matters described in the petition. Such other and further relief as is equitable is also prayed-.
Relators contend - that respondent was in error in overruling their motion to quash service of summons in the Wood County case for the reason that under Section 2307.35, Revised Code (Section 11271, General. *562 Code), an action against them as public officers can be instituted only in Franklin County, and rely upon the case of Meeker v. Scudder, 108 Ohio St., 423, 140 N. E., 627.
Respondent contends that the Meeker case is not applicable for the reason that under Section 2307.35, Revised Code, the action in Wood County concerns matters that arose therein; that the relators were joined as defendants with officials of Wood County; and that the Court of Common Pleas of Wood County has jurisdiction of both the subject matter of the action there and the persons of the relators, they having been personally served in Franklin County.
Relators counter the claims of respondent by asserting that the Wood County officers at best are only prospective garnishees and are merely incidental parties in the Wood County case; and that relators have no other remedy than a writ of prohibition by which they can test the jurisdiction of the Wood County court over them, for the reason that it is questionable whether a question of venue can be saved where a defense is offered on the merits, or .whether an appeal can be made under the new appellate procedure without entering a general appearance in the Wood County court.
In view of the conclusion at which we have arrived, it is unnecessary for us to consider in the present case whether respondent was right or in error in overruling relators’ motion to quash service of summons upon them in the Wood County action.
In a long line of cases this court has consistently held that the function of the extraordinary remedy of prohibition is to prevent inferior courts and tribunals from usurping jurisdiction beyond that with which they are invested by law, and that a writ of prohibition will be awarded only if there is no adequate remedy in the ordinary course of the law. Where a court *563 has jurisdiction of the subject matter of a pending action (and it is conceded that the Wood County court does have such jurisdiction), a writ of prohibition will not be awarded to prevent an anticipated erroneous decision in such action or to function as a substitute for an appeal. Scott, Admr., v. Municipal Court of Cleveland, 156 Ohio St., 179, 101 N. E. (2d), 387; State, ex rel. Winnefeld, v. Court of Common Pleas of Butler County, 159 Ohio St., 225, 112 N. E. (2d), 27; State, ex rel. Central Stores Co., v. Maiden, Jr., Judge, 162 Ohio St., 167, 122 N. E. (2d), 294.
Belators having been personally served with summons in the Wood County case and it being conceded that the Wood County court has jurisdiction of the subject matter of the action therein, they have a legal right to have any error committed by the Wood County court corrected by an appeal therefrom, but, say the relators, the right to save the question of the alleged error of the Wood County court in overruling the motion to quash service of summons is a matter of grave doubt. They contend that if they answer in the Wood County court and submit themselves to a trial on the merits, it might well be that they will have entered their appearance and thereby waived the question of the jurisdiction of the Wood County court over them. Their fears are unfounded.
In the case of Ohio Electric Ry. Co. v. United States Express Co., 105 Ohio St., 331, 137 N. E., 1, the third paragraph of the syllabus reads as follows:
“A defendant appearing only for the purpose of objecting to the jurisdiction, upon the overruling of such objection is not bound to rely at his peril solely upon his exception thereto, but may make full defense without waiving such objection.”
See, also, Bucurenciu v. Ramba, 117 Ohio St., 546, 159 N. E., 565; Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823.
*564 Relators contend, however, that even if they conld reserve their rights to test the question of the jurisdiction of the Wood County court while defending the action there, they would have no way to assert those rights in a higher court, and in support of this proposition they cite the case of Foster v. Borne, 63 Ohio St., 169, 58 N. E., 66, as deciding that the taking of an appeal constitutes an appearance in the lower court and the waiver of any objection as to jurisdiction.
The syllabus of the Foster case reads as follows:
“Where a judgment is rendered in the Court of Common Pleas against a defendant who was served with summons in a county other than where the action was pending, and he takes an appeal from such judgment to the Circuit Court, he thereby waives the question of want of jurisdiction over his person, and enters his appearance in the action. ’ ’
The Foster case was decided under the old appellate procedure where there were two methods of reviewing a judgment of a lower court, one, by petition in error, and, two, by appeal.
The Foster case was an action in Hancock County against a corporation domiciled there and three defendants who were nonresidents of that county and who were served with summons in the counties of their residence. Two of the three nonresidents filed motions to quash the service of summons upon them, not entering their appearance for any other purpose. The Court of Common Pleas sustained the motions, quashed , the service of summons and dismissed the petition. The Circuit Court, on petition in error, reversed the judgment and remanded the cause for further proceedings, to which action the nonresident defendants excepted. They did not take the cause to the Supreme Court but filed their answers in the Court of Common Pleas, without pleading want of jurisdiction of their persons.
*565 Upon the trial in the Court of Common Pleas, judgment was rendered against one of the nonresident defendants, who appealed the cause to the Circuit Court, and, upon trial in that court upon the merits, substantially the same judgment was rendered against him, to which he excepted and filed a motion for new trial, one ground of the motion being that the Circuit Court had not acquired jurisdiction of his person. The motion was overruled and exception taken, and thereupon he filed a petition in error in the Supreme Court, seeking to reverse the judgment of the Circuit Court. This court held that if he had filed a petition in error in the Circuit Court to reverse the judgment of the Court of Common Pleas he would not thereby have entered his appearance in the original action and might have obtained a ruling in his favor upon the question of jurisdiction of his person; and that a petition-in-error proceeding was a new action to reverse the judgment below, but an appeal was, in the Circuit Court, the same action as in the Court of Common Pleas, and a voluntary appearance in the Circuit Court was, in legal effect, the same as an appearance in the Common Pleas Court.
Relators contend that under the present appellate procedure there is only an appeal by which to review an erroneous judgment; that there is no provision for a petition in error; and that, therefore, the Foster case is applicable to the present situation and prevents relators from having an adequate remedy at law to test the jurisdiction of their persons.
We are not in accord with that view.
It is true we have only an appeal to test the correctness of a judgment but that may be an appeal on questions of law or an appeal on questions of law and fact, and in either case we are of opinion that the change in the appellate procedure has made the Foster case inapplicable to present-day situations.
*566 We hold, as was held in the Ohio Electric Ry. case, that, if a defendant, at the first opportunity after an action has been instituted against him, appears only for the purpose of objecting to the jurisdiction of the court either as to subject matter or pérson, he is not, upon the overruling of such objection, bound to rely at his peril solely upon his exception thereto but be may make a full defense in the action without waiving his objection as to jurisdiction, either in the trial court, the Court of Appeals, or the Supreme Court.
In view of what we have said, the demurrer to the petition must be and it is, hereby, sustaine'd, and the writ is denied.

Demurrer sustained and writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.