MARKLINE NEON SIGN CO., INC., APPELLANT, *v.* SMITH ET AL., APPELLEES.

(No. 5335—Decided July 3, 1963.)

*Mr. William G. Parry,* for appellant.

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellee Walter I. Warrensford.

HUNSICKER, P. J. Markline Neon Sign Co., Inc., herein called "Markline," filed an action on an account against Ralph B. Smith in the Municipal Court of Akron, Ohio. Attached to such petition as "exhibit A" was the claimed account, which was in fact a contract entered into by Smith with Markline to provide a display sign at a restaurant known as "Sandy Beach Bar B Q."

Smith, although not a resident of the territorial jurisdiction of the Akron Municipal Court, was mailed a summons notifying him of the action. Smith entered his appearance by a motion directed to the petition, asking that the facts showing a contract rather than the account be set out.

An amended petition alleging a written contract for the display sign was filed on August 22, 1961, and an order then entered to make Walter I. Warrensford a party-defendant. The amended petition alleged that a partnership existed between Smith

and Warrensford in the restaurant for which the display sign was erected. Warrensford also lived outside the territorial jurisdiction of the Akron Municipal Court. Personal service of summons was made upon him by a bailiff of the Municipal Court of Akron at a place outside the territory over which the Municipal Court had jurisdiction.

Warrensford then filed a motion, limiting his appearance in the motion for the purpose only of asking the trial court to quash the service of summons upon him, for the reason that he, Warrensford, was not served within the territorial jurisdiction of the Municipal Court of Akron.

The trial court granted the motion to quash the service of summons upon Warrensford. Thereafter, Smith filed an answer to the amended petition, admitting the partnership with Warrensford in the restaurant.

Markline then appealed from the judgment quashing service of summons on Warrensford, to the Common Pleas Court on questions of law. That court affirmed the judgment of the trial court. From the judgment of the Court of Common Pleas of Summit County, Ohio, an appeal on questions of law has been lodged in this court, in which Markline says that the quashing of service upon Warrensford was contrary to law.

Our question may be posed as follows: May the voluntary appearance, in response to a mail summons, in an action filed in a Municipal Court, of one of two defendants, both of whom live outside the territorial jurisdiction of the Municipal Court, give to that court the power to serve a personal summons outside the territorial jurisdiction of the Municipal Court on the other defendant, so as to subject such other defendant to the jurisdiction of the Municipal Court?

We do not believe it is necessary herein to discuss the question of ''departure'' from an action on an account to an action on a contract, or the question of joint partnership liability under Section 1775.14 (B), Revised Code. See: *Ohio Electric Ry. Co.* v. *United States Express Co.*, 105 Ohio St., 331.

Section 1901.19 (D), Revised Code, says that a Municipal Court has jurisdiction within the limits of the county in which its territory is situated:

''(D) In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the

territory or when the defendant or some one of the defendants resides or is served with summons *within the territory* \* \* \*.'' (Emphasis ours.)

Smith was not served within the territory, and neither defendant lived within the territory of the Municipal Court of Akron.

It must be remembered that Smith entered a voluntary appearance when he received a mail notice that he alone had been sued.

Section 1901.23, Revised Code, says, in its pertinent part:

"Writs and process in a Municipal Court shall be served, returned, and publication made in the manner provided for service, return, and publication of summons, writs, and process in the Court of Common Pleas.

"In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or a defendant resides *or is served with summons within said territory*, the court may issue summons, orders of interpleader, all other writs, and mesne and final process, including executions necessary or proper for the complete adjudication of the issues and determination of the action, to the bailiff for service in the county or counties in which the court is situated and to the sheriff of any other county against one or more of the *remaining defendants.*'' (Emphasis ours.)

Warrensford was not a remaining defendant when Smith entered his appearance, for at that time Markline had not included him in the suit.

The Municipal Court is a creature of statute and a court of limited jurisdiction. The jurisdictional powers conferred upon it are by statute, and not by the Constitution. Such power must be strictly construed. 38 Ohio Jurisprudence (2d), 35, Municipal and County Courts, Section 29, and authorities there cited.

It is thus apparent, from a recitation of the facts, that the Municipal Court could obtain jurisdiction of these nonresidents of the territory only by personal service within the territory or by voluntary appearance. One of the nonresident defendants chose to enter a voluntary appearance; the other did not desire to do so. The statute does not say that a voluntary appearance by one of two defendants will subject the other defendant to the

nonterritorial jurisdiction provided by the statute permitting service of summons.

The voluntary appearance of Smith did not confer jurisdiction upon the court to compel another nonresident to subject himself to the jurisdiction of that court by service made outside the jurisdictional territory of the Municipal Court.

No voluntary act on the part of Smith could deprive Warrensford of his right to have the case tried in a jurisdiction wherein he, Warrensford, resided.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.