DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the City of North Ridgeville, appeals from the journal entry of the Elyria Municipal Court that dismissed the charges against Appellee, Michael J. Stack, for lack of jurisdiction to proceed with the case. We affirm.
 {¶ 2} The parties have stipulated to the fact that a North Ridgeville police officer observed Mr. Stack operating a motor vehicle within the westbound lane on Mills Road between Barton Road and Mills Creek Road. The westbound lane of Mills Road lies within the City of Avon, and the eastbound lane in the territory belonging to North Ridgeville. The City of North Ridgeville falls under the jurisdiction of the Elyria Municipal Court, but the City of Avon does not. See R.C. 1901.02(B). The officer purportedly observed a speeding violation, stopped Mr. Stack's vehicle on the westbound side of Mills Road, and arrested him for driving under the influence of alcohol.
 {¶ 3} Mr. Stack was charged in the Elyria Municipal Court with one count of driving while intoxicated, in violation of R.C.4511.19, a first-degree misdemeanor; and one count of violation of a speed limit, in violation of R.C. 4511.21, a minor misdemeanor. The complaint stated, in pre-printed form, that Appellant committed the offenses "in the City of North Ridgeville, in Lorain County, State of Ohio." Also preprinted was the statement, "upon a public highway, namely," after which the officer filled in the complaint to read that Appellant operated a vehicle on "Mills Rd W/B between Barton Rd/Mills Creek Rd." Mr. Stack pled not guilty to the charges.
 {¶ 4} Thereafter, counsel for Mr. Stack filed a motion to dismiss the charges, arguing that Mr. Stack was never in North Ridgeville according to the traffic citation issued by the City of North Ridgeville and therefore could not have committed any offense in North Ridgeville. Counsel asked the court to take judicial notice of the fact that the offenses occurred in the City of Avon, and that pursuant to R.C. 1901.20(A)(1), the Elyria Municipal Court, which has jurisdiction over the territory of North Ridgeville but not the City of Avon, did not have jurisdiction over the case. The City of North Ridgeville opposed the motion. In a journal entry dated June 29, 2005, the municipal court concluded that because the alleged offenses occurred outside the territory of North Ridgeville, it did not have jurisdiction to proceed with the case, and dismissed the charges. This appeal followed.
 {¶ 5} The City of North Ridgeville timely appealed, asserting one assignment of error for review.
 Assignment of Error
"THE TRIAL COURT ERRED WHEN IT RULED THAT IT DID NOT HAVE JURISDICTION TO HEAR A CASE WHERE THE ARREST WAS MADE PURSUANT TO O.R.C. § 2935.03(E)(3)
AND IT SUBSEQUENTLY DISMISSED THE CASE AGAINST THE DEFENDANT."
 {¶ 6} In its sole assignment of error, the City of North Ridgeville contends that the trial court erred in dismissing the case. We disagree.
 {¶ 7} The disposition of a motion to dismiss is reviewed de novo. State v. Stallings, 150 Ohio App.3d 5, 2002-Ohio-5942, at ¶ 6, citing State v. Benton (2000), 136 Ohio App.3d 801, 805.
 {¶ 8} "The Municipal Court is a creature of statute and a court of limited jurisdiction. The jurisdictional powers conferred upon it are by statute * * *. Such power must be strictly construed." Markline Neon Sign Co. v. Smith (1963),118 Ohio App. 273, 275; Lieux v. Forbush (May 31, 1995), 9th Dist. No. 94CA005976, at *2. R.C. 1901.20, governing in part criminal jurisdiction of municipal courts, prescribes, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor within the limits of its territory." R.C. 1901.20(A)(1). R.C. 1901.02(B) states, "The Elyria municipal court has jurisdiction within the municipal corporations of Grafton, LaGrange, and North Ridgeville, and within Elyria, Carlisle, Eaton, Columbia, Grafton, and LaGrange townships, in Lorain [C]ounty."
 {¶ 9} The State argues on appeal that R.C. 2935.03(E)(3) provides police officers with the authority to effect arrests of persons in areas adjacent to their territorial jurisdiction for Ohio law violations also occurring in those adjacent territorial jurisdictions. The State argues that this alleged authorization of power would in turn provide the municipal court with the authority to exercise territorial jurisdiction over an offense that occurred in an area not within the court's statutorily-granted territorial jurisdiction. R.C. 2935.03(E)(3) provides:
"A police officer * * * may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer or village marshal is appointed, elected, or employed."
However, we do not read the statute to extend the jurisdiction of a municipal court, as the State argues on appeal.[1]
 {¶ 10} Since the City of Avon does not fall within the Elyria Municipal Court's jurisdiction, we find that the court did not err in granting the motion to dismiss and dismissing the charges against Mr. Stack filed with that court.
 {¶ 11} The City of North Ridgeville's sole assignment of error is overruled. The entry of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Moore, J. concur.
[1] There may be a question as to the propriety of dismissing the criminal complaint pursuant to factual stipulations and the taking of judicial notice, see, e.g., State v. Varner (1991),81 Ohio App.3d 85. However, because neither party raises the issue, it is not before us, and, therefore, we will not address it.