DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomasina Popovich, appeals her conviction of driving while under the influence in the Elyria Municipal Court. This Court affirms.
 I. {¶ 2} On November 14, 2004, appellant was cited with operating a motor vehicle under the influence of alcohol in violation of North Ridgeville Codified Ordinances 434.01A1 and 434/01A3. On December 17, 2004, appellant was arraigned and entered a plea of not guilty to all charges. Appellant filed a motion to suppress evidence based upon the extraterritorial arrest. A hearing was held on appellant's motion to suppress and the trial court denied the motion. Appellant then sought to change her plea from not guilty to no contest. The trial court accepted appellant's plea of no contest, found her guilty, and sentenced her accordingly.
 {¶ 3} Appellant then timely appealed her conviction to this Court, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY FAILING TO SUPPRESS ALL EVIDENCE SEIZED IN VIOLATION OF THE RIGHTS GUARANTEED TO APPELLANT BY THEFOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
 {¶ 4} While appellant sets forth one assignment of error, she actually makes two arguments. First, appellant argues that the extraterritorial traffic stop and arrest constituted a constitutional violation. Second, appellant argues that the Elyria Municipal Court lacked jurisdiction over the present matter. This Court disagrees.
 {¶ 5} R.C. 2935.03(A)(1) governs a police officer's jurisdiction to arrest and states:
"A sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer, township constable, police officer of a township or joint township police district * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township."
 {¶ 6} When determining whether an extraterritorial stop triggers the exclusionary rule, a court must determine, under the totality of the circumstances, whether the statutory violation rises to the level of a constitutional violation, i.e., whether the police officer had reasonable suspicion to stop and sufficient probable cause to arrest appellant. State v.Weideman, 94 Ohio St.3d 501, 2002-Ohio-1484. If the totality of the facts and circumstances demonstrate that police had a reasonable, articulable suspicion of criminal conduct sufficient to warrant the investigative stop and detention, and probable cause to arrest, then while that extraterritorial seizure may violate R.C. 2935.03, it does not rise to the level of a constitutional violation requiring suppression of all evidence derived from the stop. Id.
 {¶ 7} Presented with the same issue in Maumee v. Weisner
(1999), 87 Ohio St.3d 295, 297, the Supreme Court of Ohio stated: "A police officer need not always have knowledge of the specific facts justifying a stop and may rely, therefore, upon a police dispatch or flyer. "Where, as here, the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Id. at 299. The appropriate analysis, then, is whether the tip itself has sufficient indicia of reliability to justify the investigative stop. Id. Factors considered "`highly relevant in determining the value of [the informant's] report'" are the informant's veracity, reliability, and basis of knowledge. Id. quoting Illinois v. Gates (1983), 462 U.S. 213, 230. (Internal citations omitted.) In evaluating these factors, the court should categorize the informant based on the following three classes of informants: "the anonymous informant, the known informant, (someone from the criminal world, who has provided previous reliable tips), and the identified citizen informant." Maumee,87 Ohio St.3d at 300.
 {¶ 8} In the present matter, the "tip" or information relied upon by Officer Moore was the dispatch regarding Marilyn Hurst's phone call regarding the driver whom she observed driving erratically while in North Ridgeville.
 {¶ 9} At the suppression hearing, Marilyn Hurst testified that as she was traveling on I-480 on November 14, 2004, she observed a driver driving erratically and called 911 to report it. Ms. Hurst stated that she was patched through to the North Olmstead Police Department. Ms. Hurst stated that she gave the dispatcher the license plate number and the make, model, and color of the car that she was observing. Ms. Hurst testified that she observed the driver of the vehicle in question driving erratically while in North Ridgeville. Specifically, Ms. Hurst stated that she observed the vehicle in front of her speed up behind another vehicle as if the driver did not even see the vehicle and almost hit the vehicle while in North Ridgeville. The fact that Ms. Hurst identified herself, stayed on the phone line with dispatch, followed the vehicle and provided information such as the license plate of the vehicle being driven by appellant gave the officer sufficient indicia of reliability. Maumee,87 Ohio St.3d at 299.
 {¶ 10} Officer Donald Moore of the City of North Ridgeville Police Department testified that on November 14, 2004, he received a call from dispatch regarding a driver operating a vehicle erratically in North Olmstead and approaching North Ridgeville. Officer Moore testified that his probable cause for the stop was the phone and radio transmission. He further testified that he observed appellant driving slowly, weaving within her lane and parking erratically, but not within his jurisdiction.
 {¶ 11} Based upon the testimony presented at the suppression hearing, this Court finds that there was no constitutional violation because reasonable suspicion existed to make the initial stop.
 {¶ 12} Appellant also argues that the Elyria Municipal Court lacked jurisdiction over the present matter. This Court disagrees.
 {¶ 13} In North Ridgeville v. Stack, 9th Dist. No. 05CA008759, 2006-Ohio-1177, this Court stated:
"The Municipal Court is a creature of statute and a court of limited jurisdiction. The jurisdictional powers conferred upon it are by statute * * *. Such power must be strictly construed."Markline Neon Sign Co. v. Smith (1963), 118 Ohio App. 273, 275;Lieux v. Forbush (May 31, 1995), 9th Dist. No. 94CA005976. R.C.1901.20, governing in part criminal jurisdiction of municipal courts, prescribes, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor within the limits of its territory." R.C. 1901.20(A)(1). R.C.1901.02(B) states, "The Elyria municipal court has jurisdiction within the municipal corporations of Grafton, LaGrange, and North Ridgeville, and within Elyria, Carlisle, Eaton, Columbia, Grafton, and LaGrange townships, in Lorain [C]ounty."
In the present matter, appellant was charged with violating North Ridgeville Codified Ordinances 434.01A8 and 434.01A1 while operating a motor vehicle on I-480 located in North Ridgeville.
 {¶ 14} In this case, appellant engaged in a continuing course of conduct by operating a motor vehicle erratically from North Ridgeville in Lorain County into Olmstead Township in Cuyahoga County. This Court finds there was uncontested evidence that appellant was driving erratically in North Ridgeville. Because North Ridgeville falls within the jurisdiction of the Elyria Municipal Court, this evidence clearly established jurisdiction in the Elyria Municipal Court for the offense of driving under the influence.
 {¶ 15} This Court finds appellant's arguments to be without merit and her sole assignment of error is overruled.
 III. {¶ 16} The decision of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. concur.