DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on Brian Ludwig's response to our order to show cause why his petition for a writ of prohibition, filed December 27, 2007, should not be dismissed. For the following reasons, we dismiss Ludwig's petition for a writ of prohibition.
 {¶ 2} According to the petition, Ludwig was convicted of sexual battery in October 1999. The court designated him a sexually oriented offender, and he was required to register with the Montgomery County Sheriff until 2009. Ludwig states that he has been informed that he has been reclassified as a Tier III sex offender under the new sex offender classification scheme, which was enacted in Senate Bill 10, effective January 1, 2008. As a result of his reclassification, Ludwig is now required to report for *Page 2 
life and he is subject to amended community notification requirements. Ludwig asserts that (1) R.C. Chapter 2950, as amended by S.B. 10, is unconstitutional; (2) the Montgomery County Sheriff should therefore remove him from the new burdens that the amendments impose upon him; and (3) the Sheriff should be prohibited from registering Ludwig and issuing community notification. Ludwig requests a writ prohibiting the Montgomery County Sheriff from continuing to require his registration "beyond the date set for the termination of this registration and that community notification be prohibited."
 {¶ 3} On January 8, 2008, we issued an order requiring Ludwig to show cause why his petition for a writ of prohibition should not be dismissed for failure to state a claim for extraordinary relief in prohibition. In our order, we identified several potentially fatal defects in his petition. First, we stated that his petition did not appear to establish that the Montgomery County Sheriff was about to exercise judicial or quasi-judicial power that is unauthorized by law. We noted that the Attorney General, not the Sheriff, determines an offender's new classification as a tier I, tier II, or tier III sex offender. We also indicated that the petition did not assert that the Sheriff was subjecting him to community notification requirements or determining Ludwig's reporting period. In addition, we stated that it appeared that Ludwig had an adequate remedy at law by means of a declaratory judgment action.
 {¶ 4} Ludwig responded to the show cause order on January 28, 2008. He asserted that the Sheriff was a proper respondent, because his duties are "a part of the exercise of judicial or quasi-judicial power." However, Ludwig requested leave to amend his petition to include the Attorney General. Ludwig further stated that the reclassification was not authorized under the current law because his registration *Page 3 
requirements were established by the prior version of R.C. Chapter 2950. Finally, Ludwig claimed that a declaratory judgment action would not provide an adequate remedy at law, because a declaratory judgment action would "follow the time periods of the Civil Rules." Ludwig implies that the length of time to complete a declaratory judgment action would be inadequate to protect his rights. Ludwig's arguments are unavailing.
 {¶ 5} "Prohibition is an extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." State ex rel.Henry v. Britt (1981), 67 Ohio St.2d 71, 73, 424 N.E.2d 297. To be entitled to a writ of prohibition, the petitioner must establish that: (1) the respondent is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. See State ex rel. Columbus S.Power Co. v. Fais, 117 Ohio St.3d 340, 2008-Ohio-849, 884 N.E.2d 1, at ¶ 15.
 {¶ 6} First, we find no indication that either the Sheriff or the Attorney General is exercising judicial or quasi-judicial power with respect to reclassification. As we indicated in our show cause order, judicial or quasi-judicial power is "any power to hear and determine controversies that require a hearing resembling a judicial trial." SeeState ex rel. Bruggeman v. Ingraham, 87 Ohio St.3d 230, 231,1999-Ohio-27, 718 N.E.2d 1285. The Sheriffs responsibilities under S.B. 10 do not include reclassification or determining Ludwig's reporting requirements. Although R.C. Chapter 2950 vests the Attorney General with the responsibility to reclassify an offender under tier I, tier II, or tier III, an offender's tier is determined by the offense of *Page 4 
which the offender has been convicted. R.C. 2950.01. Reclassification does not require a weighing of factors or an individualized assessment. Thus, even if the Attorney General were named a respondent, the Attorney General's reclassification is an administrative act, not an adjudicative one.
 {¶ 7} Secondly, we reject Ludwig's assertion that he lacks an adequate remedy at law. An alternative remedy is adequate if it is complete, beneficial, and speedy. State ex rel. Beane v. City of Dayton,112 Ohio St.3d 553, 558, 2007-Ohio-811, 862 N.E.2d 97. Here, Ludwig has an adequate remedy at law by an action for declaratory judgment and a prohibitory injunction in the common pleas court. "Constitutional challenges to legislation are generally resolved in an action in common pleas court rather than in an extraordinary writ action." State ex rel.Scott v. City of Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573,859 N.E.2d 923, ¶ 22. Although any civil action requires some period of time to resolve, a declaratory judgment action is proper in cases where a speedy resolution "is necessary to preserve rights that may otherwise be impaired or lost." Freedom Road Foundation v. Ohio Dept. of LiquorControl (1997), 80 Ohio St.3d 202, 204, 685 N.E.2d 522. We do not find that the time requirements set forth by the Civil Rules render a declaratory judgment action inadequate in this case.
 {¶ 8} Upon review, Ludwig has failed to state a claim for extraordinary relief in prohibition. Because Ludwig cannot prevail on his request for extraordinary relief, the petition for a writ of prohibition is hereby DISMISSED.
SO ORDERED.
 WILLIAM H. WOLFF, JR., Presiding Judge *Page 5 
JAMES A. BROGAN, Judge
 MIKE FAIN, Judge *Page 1